IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REM DIRECTIONAL, INC.                                             PLAINTIFF

V.                                  CIVIL ACTION NO. 2:15-CV-152-KS-MTP

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA                                               DEFENDANT

### MEMORANDUM OPINION AND ORDER

For the reasons provided above, the Court **grants** Defendant's Motion for Summary

Judgment [9]. The Court will enter a separate final judgement in accordance with Rule 58.

### I. BACKGROUND

This suit involves a claim on a payment bond issued by Defendant. Pilgrim

Construction Company, LLC hired Plaintiff, REM Directional, Inc. ("REM"), to conduct

horizontal directional drilling and install pipe on a construction project near Port Gibson,

Mississippi. Defendant, Travelers Casualty & Surety Company of America ("Travelers"),

issued a payment bond [1-2] to Pilgrim. REM completed the work, and Pilgrim accepted

it. However, REM alleges that it incurred significant additional costs in completing the

work because of incomplete and/or inaccurate geotechnical information provided by

Pilgrim, and that Pilgrim declined to compensate it for these additional costs. Accordingly,

REM provided notice to Travelers of its claim against Pilgrim's payment bond, but it

alleges that Travelers has failed to pay the claim.

REM filed suit in the Circuit Court of Jasper County, Mississippi, and Travelers

removed the case to this Court. Travelers then filed a Motion for Summary Judgment [9],

which the Court now considers.[1]

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately

---

[1]Plaintiff requested oral argument on the motion. Having considered the parties' briefs, the record, and the applicable law, the Court concludes that oral argument is unnecessary.

substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Travelers argues that this suit is barred by the applicable statute of limitations. The statute provides: "When suit is instituted on a claim for payment on a payment bond given in accordance with this chapter, it shall be commenced within one (1) year after the day on which the last of the labor was performed or material or rental or lease equipment was supplied by the person bringing the action and not later." MISS. CODE ANN. § 85-7-189(2). It is undisputed that REM completed its work for Pilgrim on April 20, 2014, and that this case commenced on September 21, 2015. Therefore, Travelers argues that REM did not file suit within the one-year statute of limitations.

In response, REM offers two arguments related to a lawsuit Pilgrim filed against it (the "Pilgrim case"). On April 4, 2014, Pilgrim – the principal under Defendant's payment bond – filed a motion to compel arbitration or, alternatively, complaint for damages [12-1] against REM in the Circuit Court of Jasper County, Mississippi. Pilgrim subsequently filed an amended motion and complaint [12-2] against REM on May 9, 2014.

On August 8, 2014, REM responded [12-3] to Pilgrim's pleading and filed a motion [12-4] to join Travelers as a "counterclaim defendant." On August 21, 2014, REM filed its response [12-5] to Pilgrim's complaint, its counterclaim against Pilgrim, and a purported counterclaim against Travelers.

On February 2, 2015, the Circuit Court entered an Agreed Order [12-6] signed by counsel for Pilgrim and REM, grating Pilgrim's motion to compel arbitration and staying the case pending the completion of arbitration. The Circuit Court never addressed REM's

motion for leave to join Travelers as a defendant.

REM first argues that it commenced a lawsuit against Travelers by filing a "counterclaim" against it in the Pilgrim case. However, REM asserted no counterclaim against Travelers. The Mississippi Rules of Civil Procedure contemplate two types of counterclaims – compulsory and permissive – and both are asserted against the opposing party that has already asserted a claim against the counterclaimant. MISS. R. CIV. P. 13(a), (b). In the Pilgrim case, Travelers was not a party and had not asserted any claim against REM. Accordingly, REM's purported counterclaim was, in fact, an attempted third-party complaint. *See* MISS. R. CIV. P. 14. In fact, REM sought leave from the Court [12-4] to assert its claim against Travelers, as required by Rule 14(a), which provides: "After commencement of the action and *upon being so authorized by the court* in which the action is pending on motion and for good cause shown, a defending party may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." MISS. R. CIV. P. 14(a) (emphasis added).

The Court concludes that REM's purported counterclaim against Travelers did not "commence" an action against Travelers insofar as REM never received leave from the Circuit Court to join Travelers and assert a third-party claim against it. The Court also notes that the Circuit Court's docket sheet indicates that process never issued on the purported counter claim, nor was Travelers ever served.[2]

---

[2]The Court takes judicial notice of the docket sheet from the Pilgrim case, *see Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (court may take judicial notice of matters of public record), and it is attached as an exhibit to this opinion.

Next, Plaintiff argues that the statute of limitations was tolled by the Circuit Court's order [12-6] of February 2, 2015. MISS. CODE ANN. § 15-1-57 provides: "When any person shall be prohibited by . . . the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action." The Circuit Court's order [12-6] directed Pilgrim and REM to submit to arbitration of Pilgrim's claims against REM and stayed the case pending the completion of arbitration. At the time the order was entered, Travelers was not a party to the litigation, as the Court had not granted REM leave to assert its third-party claim. Therefore, the Court concludes that Plaintiff was not prohibited by court order from commencing this action, and MISS. CODE ANN. § 15-1-57 is inapplicable.

### III. CONCLUSION

For these reasons, the Court concludes that Plaintiff's tolling arguments fail, and that this action is barred by the applicable statute of limitations. The Court **grants** Defendant's Motion for Summary Judgment [9], and it will enter a separate final judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED, on this, the 17th day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE